Cary B. Samowitz
cary.samowitz@dlapiper.com
Barbara L. Seniawski
barbara.seniawski@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Tel. (212) 335-4500
Fax. (212) 335-4501
*Attorneys for Defendants*
*Joseph DelGreco & Company, Inc. and*
*Joseph DelGreco*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

EASTWEST INTERNATIONAL (TAIWAN)
ENTERPRISES, a corporation formed under
the laws of Taiwan (ROC); and VICTORIA
POINT CORPORATION, a corporation formed
under the laws of the British Virgin Islands,

   Plaintiffs,

 -against-

JOSEPH DELGRECO & COMPANY, INC., a
corporation formed under the laws of the State
of New York; and JOSEPH DELGRECO, an
individual,

   Defendants.

------------------------------------ X

Case No.: 08-CIV-6124 (DAB)

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY ACTION IN FAVOR OF ARBITRATION
OR, IN THE ALTERNATIVE, PENDING ARBITRATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES

PROCEDURAL BACKGROUND ..................................................................................................1

    A. The Parties' Contractual Agreements ................................................................................1

    B. Eastwest's Two Complaints ...............................................................................................2

ARGUMENT ...................................................................................................................................4

    I. Plaintiffs' Claims Are Arbitrable and Must Be Stayed in Favor of Arbitration ............4

        A. The FAA Mandates That All Arbitrable Claims Be Submitted to Arbitration ..................................................................................................................4

        B. Plaintiffs' Claims Are Arbitrable ...................................................................5

        C. The Arbitration Clause Applies to All Claims Alleged in the Amended Complaint .........................................................................................................7

        D. Defendants Are Entitled to a Stay of This Action Under Section 3 of the FAA ...................................................................................................................10

    II. Assuming Arguendo That Plaintiffs' Restated Causes of Action in the Amended Complaint Are Not Arbitrable Under the Distribution Agreement, the Nonarbitrable Claims Should Be Stayed Pending Completion of Arbitration ......................................................................................................................10

        A. This Court Has the Power to Stay an Action Regarding Nonarbitrable Claims Pending Arbitration ...........................................................................11

        B. A Stay Is Appropriate Here ...........................................................................11

CONCLUSION ..............................................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Alemac Ins. Servs., Inc. v. Risk Transfer Inc.*,
 No. 03 Civ 1162 (WHP), 2003 WL 22024070 (S.D.N.Y. Aug. 28, 2003) .................................8
*Allied-Bruce Terminix Cos. v. Dobson*,
 513 U.S. 274 (1995) ..................................................................................................................5
*AT&T Technologies, Inc. v. Communications Workers of Am.*,
 475 U.S. 643 (1986) ...............................................................................................................5, 6
*Cleveland Wrecking Co. v. Iron Workers Local Union 40*,
 947 F. Supp. 745 (S.D.N.Y. 1996) ............................................................................................6
*Cohen v. Looking for Palladin, LLC*,
 Slip Copy, No. 07CV6359 (HB), 2008 WL 544597 (S.D.N.Y. Feb. 29, 2008) ..................8, 10
*Fletcher v. Kidder, Peabody & Co., Inc.*,
 81 N.Y.2d 623, 601 N.Y.S.2d 686 (Ct. App. 1993), *cert denied*, 510 U.S. 993 (1993) ..............4
*H.S. Gregory v. Electro-Mech. Corp.*,
 83 F.3d 382 (11th Cir. 1996) .....................................................................................................7
*Hartford Accident and Indem. Co. v. Swiss Reinsurance America Corp.*,
 246 F.3d 219 (2d Cir. 2001) ......................................................................................................4
*Janmort Leasing, Inc. v. Econo-Car International, Inc.*,
 475 F. Supp. 1282 (E.D.N.Y. 1979) ..................................................................................11, 12
*Katz v. Shearson Hayden Stone, Inc.*,
 438 F. Supp. 637 (S.D.N.Y. 1977) ..........................................................................................11
*Kramer v. Time Warner Inc.*,
 937 F.2d 767 (2d Cir. 1991) ......................................................................................................1
*Liberty USA Corp. v. Buyer's Choice Ins. Agency LLC*,
 386 F. Supp. 2d 421 (S.D.N.Y. 2005) .......................................................................................8
*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*,
 252 F.3d 218 (2d Cir. 2001) ......................................................................................................7
*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
 514 U.S. 52 (1995) ....................................................................................................................6
*Mehler v. Terminix Int'l Co.*,
 205 F.3d 44 (2d Cir.), *cert. denied*, 121 S. Ct. 2262 (2000) ...................................................6, 7
*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
 473 U.S. 614 (1985) ..................................................................................................................5
*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1 (1983) ...................................................................................................................4, 6
*Ottley v. Sheepshead Nursing Home*,
 688 F.2d 883 (2d Cir. 1982) ......................................................................................................6
*PaineWebber Inc. v. Bybyk*,
 81 F.3d 1193 (2d Cir. 1996) ......................................................................................................4
*Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*,
 991 F.2d 42 (2d Cir. 1993) ......................................................................................................10

*Provident Bank v. Kabas*,
   141 F. Supp. 2d 310 (E.D.N.Y. 2001) ...........................................................................10
*Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford, Jr. Univ.*,
   489 U.S. 468 (1989)..........................................................................................................5
*WorldCrisa Corporation v. Armstrong*,
   129 F.3d 71 (2d Cir. 1997) ................................................................................. 7, 8, 9, 11

**STATUTES**

9 U.S.C. § 2 .................................................................................................................................5
9 U.S.C. § 3 ............................................................................................................................5, 10
Federal Arbitration Act,
   9 U.S.C. § 1 *et seq*............................................................................................................4

**TREATISES**

21 Williston on Contracts § 57:58 (4th ed. 2008) ......................................................................11

Defendants Joseph DelGreco & Company, Inc. and Joseph DelGreco respectfully submit this memorandum of law in support of their motion to stay this action in favor of arbitration pursuant to the parties' written agreement or, in the alternative, to stay this action pending arbitration.

**PROCEDURAL BACKGROUND**

The facts necessary to decide this motion are undisputed and are found in Plaintiffs' own Amended Complaint, filed July 31, 2008, and in the accompanying contractual agreements.[1]

### A.   The Parties' Contractual Agreements

Defendant Joseph DelGreco & Company, Inc. ("DelGreco & Co.") "designs and markets high-end outdoor furniture products . . . ." ("Ex. 1" at ¶ 6.)[2] Joseph DelGreco ("Mr. DelGreco") is the "President and majority owner" of DelGreco & Co. (Ex. 1 ¶ 7.) Plaintiff Eastwest International (Taiwan) Enterprises ("Eastwest") is a manufacturer and distributor of outdoor furniture products. (Ex. 1 ¶ 4.) Plaintiff Victoria Point Corporation "processes invoices for payment" and acts "as a limited agent of Eastwest on specified matters." (Ex. 1 ¶ 5.)

Plaintiffs' claims arise upon and in respect of the Exclusive Production, Distribution, and License Agreement between Eastwest and DelGreco & Co., dated as of September 26, 2007 (the "Distribution Agreement") (Exhibit 2.).

---

[1]   The documents cited herein were attached to or are referenced in the Plaintiffs' Amended Complaint. In considering a motion to dismiss, a district court may consider the "facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

[2]   "Ex. _" refers to the Exhibits attached to the accompanying Declaration of Cary B. Samowitz in support of Defendants' motion to stay.

Under the Distribution Agreement, DelGreco & Co. granted a license to manufacture outdoor furniture and accessories under the DelGreco brand name, to distribute DelGreco-branded outdoor furniture and accessories to Eastwest and its affiliates for sale within the United States and Canada and to distribute and sell DelGreco-branded outdoor furniture and accessories outside the United and Canada. (Ex. 2 ¶¶ C, D, 3.1, 7, 8.) In consideration of the Distribution Agreement, Eastwest provided DelGreco & Co. a loan in the amount of US$1,000,000 for DelGreco & Co.'s grant to Eastwest of the production, distribution and license rights. (Ex. 2 ¶ C.) The loan is memorialized by a promissory note, dated the same date as the Distribution Agreement, issued by DelGreco & Co. in favor of Eastwest in the amount of US$1,000,000 (the "Promissory Note"). (Ex. 3.) The same day, September 26, 2007, the parties entered into a Security Agreement, which secured part of the loan embodied in the Promissory Note (Ex. 4), and a Continuing Guaranty (Ex. 5).

Following the execution of the Distribution Agreement, a design company elected to sell to DelGreco & Co. its inventory of DelGreco & Co. branded products. Plaintiffs allege that the inventory, which Plaintiffs refer to as the "Machin Goods," must be handled exclusively through Eastwest's warehouse pursuant to the Distribution Agreement. (Ex. 1 ¶ 28.)

**B.    Eastwest's Two Complaints**

On July 3, 2008, Plaintiffs filed a complaint against Defendants seeking relief under the Distribution Agreement and other documents. It alleged three causes of action: (1) conversion of certain furniture allegedly subject to the Distribution Agreement, (2) breach of the Distribution Agreement, and (3) foreclosure on collateral securing the promissory note issued by Defendants in connection with the Distribution Agreement.

On July 21, 2008, Defendants' filed a Motion to Stay Action in Favor of Arbitration. In support of its Motion to stay the action in favor of arbitration, i.e., to dismiss the litigation, Defendants cited ¶ 15.10 of the Distribution Agreement, which states as follows:

> If at any time during the term any dispute, difference, or disagreement shall arise upon or in respect of this Agreement, or the meaning or construction hereof, which dispute, difference, or disagreement cannot be resolved between the Parties, every such dispute, difference, or disagreement shall be referred to binding arbitration ....

On July 31, 2008, following the Defendants' filing of the Motion to Stay and in an apparent concession that the disputes alleged in the Complaint are subject to mandatory arbitration, Plaintiffs filed an Amended Complaint as of right with six causes of action. The six causes of action are: (1) conversion of certain furniture allegedly subject to the Distribution Agreement, (2) default in payment of the Promissory Note issued by Defendants in connection with the Distribution Agreement, (3) nonpayment of a purported loan, (4) default of the Continuing Guaranty relating to the Distribution Agreement, (5) foreclosure on collateral securing the promissory note issued by Defendants in connection with the Distribution Agreement, and (6) a declaratory judgment regarding Plaintiffs' rights.

The Amended Complaint refers repeatedly to the Distribution Agreement and its terms, attaches as an exhibit a notice of breach letter sent by Plaintiffs that refers to the Distribution Agreement, and alleges a conversion claim stemming from the alleged terms of the Distribution Agreement. *See* Ex. 1 ¶¶ 28, 32; Ex. 6 (July 2, 2008 letter); Ex. 1 ¶¶ 27-39.

At the same time, Plaintiffs allege the "Distribution Agreement [is] not a subject to this action" (Ex. 1 ¶ 28) and concurrently sent a letter to the Honorable Judge Batts requesting that the Court deny Defendants' motion to stay as moot. However, as detailed below, the motion to stay is not moot (and thus Defendants renew their motion by these papers). The arbitration

clause applies to all the documents of the same date regarding the same transaction and thus continues to apply to the disputes between the parties as re-crafted in the Amended Complaint.

**ARGUMENT**

For the reasons discussed herein, Plaintiffs' claims "arise upon or in respect to" the Distribution Agreement and are therefore subject to mandatory arbitration. (Ex. 2 ¶ 15.10.) Consequently, Plaintiffs' action must be stayed in favor of arbitration per the terms of the parties' contractual agreement.

**I.     Plaintiffs' Claims Are Arbitrable and Must Be Stayed in Favor of Arbitration**

   **A.     The FAA Mandates That All Arbitrable Claims Be Submitted to Arbitration**

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, "creates a 'body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *Hartford Accident & Indem. Co. v. Swiss Reins. Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001) (quoting *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir. 1996)). The FAA preempts State law on the subject of enforceability of arbitration clauses, even though the dispute itself may arise under State law. *Fletcher v. Kidder, Peabody & Co.*, 81 N.Y.2d 623, 630-31, 601 N.Y.S.2d 686, 689 (Ct. App. 1993), *cert denied*, 510 U.S. 993 (1993). Where, as here, there is an agreement to arbitrate, the FAA reflects a strong, well-established and widely recognized federal policy in favor of arbitration. *Hartford Accident & Indem.*, 246 F.3d at 226; *accord Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary"). Indeed, the "primary purpose" of the FAA is "ensuring that private agreements to arbitrate are enforced according to their terms." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford, Jr.*

*Univ.*, 489 U.S. 468, 479 (1989). The FAA applies whenever there is an agreement to arbitrate contained in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2; *see also Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 274, 277 (1995).

One of the main vehicles for the enforcement of arbitration agreements is Section 3 of the FAA. That section provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. In other words, absent proof that the party seeking to invoke arbitration is "in default in proceeding with . . . arbitration"—which is not an issue here—a party is entitled to a stay under Section 3 if the court is satisfied that the issue in the pending action "is referable to arbitration under [the parties' agreement]."

### B.   Plaintiffs' Claims Are Arbitrable

Here, the issues raised in Plaintiffs' Amended Complaint are clearly referable to arbitration under the parties' written agreement. Whether an issue is to be decided by an arbitrator is a matter of the parties' contractual intent. *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-49 (1986). "The court is to make this determination by applying the 'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24). That body of law "'establishes that, as a matter of federal law, any doubts

5

concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 n.8 (1995) (quoting *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24-25). Indeed, as the United States Supreme Court has repeatedly made clear, doubts regarding arbitrability should be resolved in favor of arbitration "unless it may be said with <u>positive</u> <u>assurance</u> that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *AT&T Technologies*, 475 U.S. at 650 (emphasis added) (citation omitted).

The mandate in favor of arbitration applies with even greater force where the arbitration clause is broad. *See Mehler v. Terminix Int'l Co.*, 205 F.3d 44, 49 (2d Cir.) (holding that a clause providing for arbitration of "any controversy or claim . . . arising out of or relating to" the agreement is a "classically broad" arbitration clause), *cert. denied*, 121 S. Ct. 2262 (2000); *AT&T Technologies, Inc.*, 475 U.S. at 650. Indeed, "[i]f the arbitration clause is broad, the Court 'must find that the parties bargained to have any dispute that arguably falls within the scope of that clause settled through arbitration absent compelling proof to the contrary.'" *Cleveland Wrecking Co. v. Iron Workers Local Union 40*, 947 F. Supp. 745, 748 (S.D.N.Y. 1996) (*quoting Ottley v. Sheepshead Nursing Home*, 688 F.2d 883, 886 (2d Cir. 1982)), *aff'd*, 136 F.3d 884 (2d Cir. 1997).

Applying these standards, there can be no doubt that Plaintiffs' claims fall within the scope of the arbitration clause in the Distribution Agreement and, accordingly, that this action must be stayed. The Distribution Agreement contains the broadly worded arbitration clause that "<u>any</u> dispute, difference, or disagreement [that] shall arise upon or in respect of this Agreement" be submitted to arbitration. (Ex. 2 ¶ 15.10) (emphasis added). Each of Plaintiffs' claims plainly

6

fall within the scope of the arbitration clause. *See Mehler v. Terminix Int'l Co.*, 205 F.3d at 50 (stating that the court has not limited "relating to" arbitration clauses to covering disputes over actions "that constitute a breach of the terms of the contract at issue"); *see also H.S. Gregory v. Electro-Mech. Corp.*, 83 F.3d 382, 383-84 (11th Cir. 1996) (clause calling for arbitration of claims "arising hereunder" a contract includes non-contractual claims).

    **C.    The Arbitration Clause Applies to All Claims Alleged in the Amended Complaint**

In a blatant attempt to avoid the mandatory arbitration provision contracted for by the parties and the strong federal policy in favor of arbitration,[3] Plaintiffs' Amended Complaint and cover letter of the same date to this Court self-servingly states (i) "none of the [] issues are subject to an agreement between the parties to arbitrate," and (ii) the Distribution Agreement is "not subject to this action" (Ex. 1 ¶ 28). Unfortunately for Plaintiffs, saying it does not make it so. Although Plaintiffs attempt to argue that their claims involve only the Promissory Note, Continuing Guaranty, and/or the Security Agreement, and that those agreements are not subject to the arbitration clause, the law is otherwise.

The law is clear that where agreements are interrelated and signed at the same time, an arbitration clause in the primary transaction document applies to disputes arising from interrelated transaction documents. *See Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001) (arbitration clause in charter agreement extends

---

[3] "Doubts should be resolved in favor of coverage." *WorldCrisa Corporation v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (citations omitted) ("The existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.)

to claim under letters of indemnity); *Cohen v. Looking for Palladin, LLC*, Slip Copy, No. 07CV6359 (HB), 2008 WL 544597 at *2 (S.D.N.Y. Feb. 29, 2008) (arbitration clause in operating agreement extends to subscription agreement); *Alemac Ins. Servs., Inc. v. Risk Transfer Inc.*, No. 03 Civ 1162 (WHP), 2003 WL 22024070 at *4-6 (S.D.N.Y. Aug. 28, 2003) (arbitration clause in partnership agreement encompasses all disputes before court); *Liberty USA Corp. v. Buyer's Choice Ins. Agency LLC*, 386 F. Supp. 2d 421, 425 (S.D.N.Y. 2005) (Judge Batts) ((quoting 22 N.Y. Jur. 2d Contracts § 258) ("In the absence of anything to indicate the contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction will be read and interpreted together, it being said that they are, in the eyes of the law, one instrument.")).

For example, in *WorldCrisa Corporation v. Armstrong*, 129 F.3d 71 (2d Cir. 1997), the Second Circuit found that a guaranty executed two months after an agreement setting forth the contractual relationship between the parties was subject to arbitration even though the guaranty itself contained no arbitration provision. The Court noted that the broad language of the arbitration clause provided for arbitration of "'any dispute' between the parties to the Agreement 'over the terms' . . . or 'any claim of breach' by either of the parties" and thus encompassed the dispute regarding the guaranty. *Id*. at 74. Moreover, the Court held that "the Guaranty's provisions as to jurisdiction, venue, and waiver of moratorium and stay laws do not constitute the kind of clear and specific waiver required to defeat the express arbitration provision in the Agreement." *WorldCrisa Corp.*, 129 F.3d at 75.

Here, each of the agreements alleged to be in dispute was executed by the same parties on the same day. And, here, the Distribution Agreement, which explicitly references the Promissory Note, Continuing Guaranty, and the Security Agreement and "any and all other

documents and instruments to be executed and/or delivered concurrently with the Note and this Agreement" as the "Loan Documents," contains a similarly broad arbitration clause that mandates arbitration of "any dispute" that arises "upon or in respect of this Agreement." (Ex. 2 ¶¶ C, 15.10). Furthermore, as in *WorldCrisa Corp.*, each of the Promissory Note, Continuing Guaranty, and the Security Agreement contain *no* express waivers of arbitration.

As shown by the dates of execution and the terms of the Distribution Agreement, the Promissory Note, Continuing Guaranty and Security Agreement on which Plaintiffs' claims rest, and the agreements about which Plaintiffs complain, were executed simultaneously with, and would not exist but for, the Distribution Agreement. Plaintiffs did not purportedly make a loan to Defendants in a vacuum. They did so in order to gain licensing rights from Defendants, among other things. (Ex. 2.) Indeed, the Distribution Agreement specifically refers to individual or to the group of Loan Documents in at least three places. *Id.* Plaintiffs' rights as to the Loan Documents must be determined in the context of the Distribution Agreement and cannot be properly or fairly decided without construing that contract.

Plaintiffs' amended causes of action continue to demonstrate this. For example, the Amended Complaint itself contends at paragraph 28 that the only basis for Plaintiffs' conversion claim is that it has some sort of right to the goods as a result of the Distribution Agreement. Further, the parties' performance or lack thereof under the various agreements is tied to their performance or lack thereof under the Distribution Agreement and must be evaluated in light of the rights granted by the Distribution Agreement.

Because the disputes at issue between the parties "arise upon or in respect of" the Distribution Agreement (Ex. 2 ¶ 15.10), the claims alleged in Plaintiffs' Amended Complaint are

subject to mandatory arbitration per the parties' contract and must be stayed in favor of arbitration.[4]

### D. Defendants Are Entitled to a Stay of This Action Under Section 3 of the FAA

As demonstrated above, all of the issues raised in Plaintiffs' Amended Complaint are referable to arbitration. Defendants are therefore entitled to a stay of this action in favor of arbitration. 9 U.S.C. § 3; *see Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 45 (2d Cir. 1993) ("where a court is satisfied that a dispute before it is arbitrable, it must stay proceedings and order the parties to proceed to arbitration"); *see also Looking for Palladin, LLC*, 2008 WL 544597 (action stayed where court held that arbitration clause in interrelated agreements governs and must be enforced).

### II. Assuming Arguendo That Plaintiffs' Restated Causes of Action in the Amended Complaint Are Not Arbitrable Under the Distribution Agreement, the Nonarbitrable Claims Should Be Stayed Pending Completion of Arbitration

Although, as discussed above, all roads lead to the conclusion that the claims as revised in the Amended Complaint continue to arise from or in respect to the Distribution Agreement (and thus are subject to its arbitration provision), assuming for argument's sake that the claims in

---

[4] The arbitration clause equally applies to all parties named in the complaint. The Second Circuit has held that a court has the "inherent ability" to enter a stay even when a party is not a signatory to an arbitration agreement because, "'[a] party ought not be able to avoid arbitration by suing a related party 'with which it has no arbitration agreement in the hope that the claim will be adjudicated first and have preclusive effect on the arbitration.'" *Provident Bank v. Kabas*, 141 F. Supp. 2d 310, 318-19 (E.D.N.Y. 2001) (quoting *WorldCrisa Corp. v. Armstrong*, 129 F.3d at 76). Therefore, the stay in favor of arbitration also applies to Plaintiff Victoria Point Corporation and Defendant Joseph DelGreco because the claims "arise out of the same set of facts" and the Plaintiffs' claims are primarily directed to the signatory Defendant. 141 F. Supp. 2d at 319.

the amended complaint are nonarbitrable, this Court still can and should stay this action pending arbitration.

### A. This Court Has the Power to Stay an Action Regarding Nonarbitrable Claims Pending Arbitration

As clearly stated by the Second Circuit, a district court may stay a litigation involving nonarbitrable claims pending arbitration. *See WorldCrisa Corp*, 129 F.3d at 76 (quoting *Landis v. North American Co.*, 299 U.S. 248, 257 (1936)) ("We have recognized that district courts, despite the inapplicability of the FAA, may stay a case pursuant to 'the power inherent in every court to control its own docket with economy of time and effort for itself, for counsel, and for litigations.'"); *see* 21 Williston on Contracts § 57:58, Stay of pending litigation—Related, nonarbitrable claims (4th ed. 2008) (same); *see also Janmort Leasing, Inc. v. Econo-Car International, Inc.*, 475 F. Supp. 1282, 1291 (E.D.N.Y. 1979) (stating "the court may not only direct that arbitrable issues proceed to arbitration, but that they do so first" and granting stay of action involving antitrust claim, which is a per se nonarbitrable claim, pending arbitration).

### B. A Stay Is Appropriate Here

First, a stay of nonarbitrable claims is appropriate where the party seeking the stay will not hinder the arbitration, where the arbitration will be concluded within a reasonable time, and where the delay will not work undue hardship on the opposition. *See Katz v. Shearson Hayden Stone, Inc.*, 438 F. Supp. 637, 642 (S.D.N.Y. 1977) (staying further proceedings of nonarbitrable claims with the proviso that Plaintiffs may move to vacate stay if arbitration not completed within six months); *see also Janmort Leasing, Inc.*, 475 F. Supp. at 1293 (citations omitted) ("federal courts have not hesitated to stay the litigation of nonarbitrable claims until the conclusion of arbitration," where these factors are met). Second, a stay of nonarbitrable claims is

appropriate where the purported nonarbitrable claims mirror the facts underlying the arbitrable claims. *See Janmort Leasing, Inc.*, 475 F. Supp. at 1293 (staying further proceedings with the proviso that plaintiffs may move to vacate the stay if arbitration not completed within six months).

Each of these factors is met. Defendants have and will continue to act promptly. After Plaintiffs filed both the Complaint and the Amended Complaint, Defendants promptly moved to stay this action in favor of arbitration. The Complaint was filed on July 3, 2008, and Defendants' Motion to Stay Action in Favor of Arbitration was filed on July 21, 2008. Then, an Amended Complaint was filed on July 31, 2008, and Defendants' Motion to Stay Action in Favor of Arbitration, or, in the Alternative, Pending Arbitration will be filed on August 6, 2008. The issues themselves are capable of being arbitrated within a reasonable time, and Defendants will not delay that process. And, a stay will not work undue hardship on or prejudice Plaintiffs exactly because the allegations underlying the claims in the Amended Complaint mirror those underlying the parties' arbitrable dispute regarding the Agreement. Facts developed and determinations made in the arbitration will remain useful upon the resumption of the stayed litigation.

On the other hand, if a stay is not granted, Defendants will be required to defend themselves in two concurrent actions arising from the same set of facts, which may result in inconsistent results and out-of-context consideration. Further, the claims alleged in the Amended Complaint are derived from and intertwined with the parties' disputes regarding the Distribution Agreement and cannot be resolved unless and until the Distribution Agreement disputes are resolved. Thus, to the extent this Court determines that Plaintiffs allege any nonarbitrable claims, the nonarbitrable claims should be stayed pending resolution of the arbitrable claims

first. *See Janmort Leasing, Inc.*, 475 F. Supp. at 1291 ("[T]he court may not only direct that arbitrable issues proceed to arbitration, but that they do so first....").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay this action in favor of arbitration in accordance with the parties' agreement, or, in the alternative, pending arbitration of the arbitrable claims.

Dated: New York, New York
August 6, 2008

            DLA PIPER US LLP

            By: _____
            Cary B. Samowitz
            Barbara L. Seniawski
            1251 Avenue of the Americas
            New York, New York 10020-1104
            Tel. (212) 335-4500
            Fax. (212) 335-4501
            *Attorneys for Defendants*

EAST\42049305